BILL BAKER V. THE STATE.

No. 9735.    Delivered February 17, 1926.

**Assault to Murder—New Trial—Erroneously Refused.**

Where appellant filed his motion for a first continuance, on account of the absence of a witness named Tullos, and there being no question as to the diligence used to secure the attendance of this witness, and no question as to the materiality of the testimony that he would have given upon the trial, it was error for the trial court to refuse appellant a new trial.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction of an assault to murder, penalty three years in the penitentiary.

The opinion states the case.

P. E. *Campbell* and *Dibrell & Mosheim* of Seguin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is assault with intent to murder and the punishment is three years in the penitentiary.

The state's testimony shows an unprovoked shooting in which the injured party was struck and more or less seriously wounded. This testimony comes largely from the injured party himself. He is corroborated by but one witness and this witness is contradicted by an affidavit of the sheriff of Guadalupe County who states in said affidavit on motion for a new trial that the state witness Martin made a written statement to the sheriff in which he disclaimed any knowledge as to how the difficulty occurred and in which he states that he was so drunk at the time as to be unable to have any recollection of it. It is on the testimony of the injured party and this witness that the state relies for a conviction.

On the other hand, the appellant testifies to facts which show that if he was not justifiable in the shooting that he was at least not guilty of a graver offense than aggravated assault. The undisputed testimony in the record shows that there were some six other parties present and saw the difficulty.

The appellant presented his application for a continuance on account of the absence of various witnesses. It occurs to us that the court was in error in overruling the motion for a new trial on account of the error in refusing appellant's application for a continuance. In his application he showed that he had used due diligence to procure the attendance of the witness Herman Tullos and that said Tullos was the proprietor of the store in Gander Slough where the difficulty occurred and that said Tullos saw the

difficulty and that said Tullos would testify if present that the prosecuting witness was the aggressor in said difficulty and that he assaulted the defendant before the defendant shot the prosecuting witness. This testimony was in direct conflict with the testimony offered by the prosecuting witness and by the witness Martin and was corroborative of the testimony given by the appellant. There being no question as to the diligence used to procure the attendance of this witness and no question as to the materiality of the testimony that he would have given on the trial of the case, we think that the motion for a new trial should have been granted. We are confirmed in this view by reason of the fact that the entire record is in such a condition as to cause us to believe that the case was not properly developed on this trial.

For the error in refusing to grant a motion for a new trial based on the appellant's application for a continuance, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.